**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

VI KE LUU,

Plaintiff,

vs.

LISA KEHL, District Director, United States Citizenship and Immigration Services; JOSE OLIVARES, Oklahoma City Field Office Director for United States Citizenship and Immigration Services; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants.

Case No. CIV-10-1276-M

**ORDER**

Before the Court is defendants' Motion for Summary Judgment, filed January 17, 2012. On February 21, 2012, plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

Plaintiff is a native and citizen of Vietnam. He became a permanent resident of the United States in 1975. On May 11, 2009, plaintiff filed an N-400, Application for Naturalization ("Application") with the United States Citizenship and Immigration Services ("USCIS"). On March 30, 2010, immigration officer Brenda Schwartz ("Schwartz") interviewed plaintiff as part of the naturalization process. During the interview, Schwartz asked plaintiff about his criminal history. As plaintiff began recounting the circumstances of his arrests and charges, Schwartz asked plaintiff to provide a sworn statement to memorialize his testimony. Schwartz prepared the statement, which plaintiff then reviewed and signed.

A week later, USCIS issued a decision denying plaintiff's Application. As the basis for its decision, USCIS found that plaintiff lied about his 1997 arrest for indecent exposure. Accordingly, USCIS found that plaintiff provided false testimony under oath and denied plaintiff's Application because he failed to meet the requirement of good moral character. Plaintiff then appealed the denial through USCIS' internal appeal process.

On appeal, USCIS upheld the denial. USCIS found that, in addition to providing false testimony about his 1997 arrest for indecent exposure, plaintiff had also provided false testimony about his arrests in 1992, 1993, and 2006. USCIS agreed with its earlier decision that plaintiff had failed to meet the good moral character requirement and that he was, therefore, ineligible to naturalize.

On November 29, 2010, plaintiff filed the instant action, requesting a de novo review of his Application pursuant to 8 U.S.C. § 1421(c). Defendants now move for summary judgment.

## II. Discussion

Defendants contend that plaintiff's 2005 conviction for possession of a controlled substance specifically bars him from demonstrating good moral character as a matter of law and renders him ineligible for naturalization.[1] The Immigration and Nationality Act bars certain categories of people from demonstrating that they have good moral character based on their conduct. *See* 8 U.S.C. § 1101(f)(1)-(9). Specifically, section 1101(f)(3) provides:

> (f) For the purposes of this Act –
> No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was –

[1]For purposes of their motion for summary judgment, defendants do not dispute that plaintiff satisfied the requirements for naturalization except for good moral character.

* * *

> (3) a member of one or more of the classes of persons, whether inadmissible or not, described in paragraphs (2)(D), (6)(E), and (10)(A) of section 212(a) of this Act [8 U.S.C. § 1182(a)]; or subparagraphs (A) and (B) of section 212(a)(2) [8 U.S.C. § 1182(a)(2)] and subparagraph (C) thereof [of such section] (except as such paragraph relates to a single offense of simple possession of 30 grams or less of marihuana), if the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period; . . . .

8 U.S.C. § 1101(f)(3). Subparagraph (A) of section 212(a)(2) provides, in pertinent part:

> (A) Conviction of certain crimes.
>
> (i) In general. Except as provided in clause (ii), any alien convicted of, or who admits having committed or who admits committing acts which constitute the essential elements of –
>
> * * *
>
> (II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)),
>
> is inadmissible.

8 U.S.C. § 1182(a)(2)(A)(i)(II).

It is undisputed in this case that on October 4, 2005, the State of Oklahoma charged plaintiff with multiple violations of Section 2-402 of Title 63 of the Oklahoma Statutes, which makes it unlawful for a person to knowingly or intentionally possess a controlled dangerous substance. Specifically, the State of Oklahoma charged plaintiff with possession of methamphetamine and marihuana. Plaintiff does not dispute that both of these substances are controlled substances under both federal and Oklahoma law. Additionally, it is undisputed that plaintiff pled guilty to these

charges. Plaintiff admitted in his deposition that he pled guilty, and the docket sheet for the criminal case states that defendant pled guilty. *See* Deposition of Vi Ke Luu at p. 114, lines 1-3, attached as Exhibit 2 to defendants' Motion for Summary Judgment; Docket Sheet in Case No. CF-2005-5627 at p. 6, attached as Exhibit 14 to defendants' Motion for Summary Judgment. Further, based upon the copy of the court file for the criminal case at issue, the Court finds that plaintiff was permitted to participate in the Mental Health Court; plaintiff successfully completed the Mental Health Court; and the charges against him were dismissed. *See* Docket Sheet in Case No. CF-2005-5627, attached as Exhibit 14 to defendants' Motion for Summary Judgment; Court File for Case No. CF-2005-5627, attached as Exhibit 1 to plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment. Finally, it is undisputed that plaintiff committed the crimes at issue during the five year period in which he was required to demonstrate good moral character.

Plaintiff asserts that based upon the records regarding the 2005 controlled substances offense, it is unclear whether plaintiff was convicted for a controlled substance offense. Additionally, plaintiff contends that he did not admit the elements of a controlled substance offense in his deposition.

Having carefully reviewed the parties' submissions, the Court finds that the evidence undisputedly shows that plaintiff falls within the class of persons described in 8 U.S.C. § 1182(a)(2)(A)(i)(II). First, the Court finds that plaintiff's diversion to the Mental Health Court is comparable to a deferred sentence which has been found to be a conviction for immigration purposes. *See In re Punu*, 22 I. & N. Dec. 224, 230 (BIA 1993). Second, even if the Court found that plaintiff was not convicted, plaintiff would still fall within the class of persons described in 8 U.S.C. § 1182(a)(2)(A)(i)(II) because, based upon plaintiff's undisputed plea of guilty to the charges

of possession of methamphetamine and marihuana, plaintiff has admitted having committed a controlled substance offense. Accordingly, the Court finds that pursuant to 8 U.S.C. § 1101(f)(3) plaintiff is barred as a matter of law from demonstrating good moral character and, thus, is ineligible to naturalize.

III. Conclusion

For the reasons set forth above, the Court GRANTS defendants' Motion for Summary Judgment [docket no. 27].

**IT IS SO ORDERED this 9th day of March, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE